77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Michael MARTIN, Plaintiff-Appellant,
v.
Richard JOHNSON, et al., Defendants-Appellees.
 No. 95-1480.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Robert Michael Martin, a Michigan state prisoner, moves for the appointment of counsel and appeals a district court judgment in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Martin filed a complaint against fifteen employees of the Michigan Department of Corrections in their individual capacities. His voluminous complaint essentially alleged that he had been injured when restraints were applied too tightly during his transportation to an outside medical appointment, that he had been denied medical treatment for his injury, that certain legal property had been confiscated from his cell and that defendants had conspired to transfer him to another prison in retaliation for his assertion of his First Amendment rights of use of the grievance procedures and access to the courts. Defendants moved to dismiss or for summary judgment, with supporting documentation, and plaintiff filed a response. The district court granted the defendants' motion. On appeal, Martin restates his arguments at length.
 
 
 3
 Upon careful consideration, we conclude that the summary judgment for defendants must be affirmed, as there is no genuine issue of material fact, and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 4
 Martin did not submit evidence from which a reasonable fact finder could conclude that excessive force was used against him in violation of the Eighth Amendment. He presented no evidence from which it could be concluded that the guard who applied his restraints acted with malicious and sadistic intent. See Farmer v. Brennan, 114 S.Ct. 1970, 1978 (1994). He also failed to show that the medical attention he received amounted to deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). He was told to apply cold towels to the affected areas, and was checked by a nurse twice the following day. She noted swelling and discoloration of Martin's hands and right ankle, and repeated the advice given telephonically the evening before. On her return visit, significant improvement was noted, and Martin was told to contact health services if the problem did not resolve itself. He did not. Martin presented no evidence in support of his claim of permanent and debilitating injury. Thus, neither deliberate indifference nor a serious medical need were shown.
 
 
 5
 Martin also failed to present evidence that his access to the courts was impeded by the alleged seizure of his legal property. His claim that his direct criminal appeal was prejudiced was not supported by anything but vague allegations. Without significant evidence that a lawsuit of Martin's was prejudiced, defendants were entitled to summary judgment on this claim. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Finally, defendants were entitled to summary judgment on the claim that they conspired to transfer Martin to another prison due to his status as a jailhouse lawyer. In spite of Martin's arguments, there was no evidence presented from which a reasonable fact finder could conclude that his assertion of his First Amendment rights was a substantial and motivating factor behind his transfer. See Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Moreover, defendants showed that his transfer was done in furtherance of medical treatment, and would have taken place regardless of Martin's filing of grievances and lawsuits. See id.
 
 
 6
 The remaining arguments raised on appeal are equally meritless. Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.